United States District Court
for the
Eastern District of New York

| | |
|---|---|
| FREEDOM MORTGAGE CORPORATION<br><br>    Plaintiff<br>        v.<br><br><br>NICOLE CONWAY, CLERK OF THE SUFFOLK COUNTY TRAFFIC & PARKING VIOLATIONS AGENCY<br><br>    Defendant(s) | ) <br> ) <br> ) Civil Action No.<br> ) <br> ) **COMPLAINT**<br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Plaintiff, by its attorneys Gross Polowy, LLC, for its complaint against the Defendants allege as follows:

## INTRODUCTION

1. This action is brought pursuant to New York Real Property Actions and Proceeding Law (RPAPL) Article 13, to foreclose a Mortgage encumbering 311 Smith Road, Shirley, NY 11967, together with the land, buildings, and other improvements located on the Property ("Property"). The legal description of the Property is attached as Schedule B.

## PARTIES

2. Plaintiff is a citizen of New Jersey because it is incorporated under the laws of the State of New Jersey with its principal place of business at 907 Pleasant Valley Avenue, Suite 3, Mount Laurel, NJ 08054. Plaintiff is the holder of the subject Note and Mortgage with delegated authority to institute this Mortgage foreclosure action by the owner. Attached here as Schedule A is a copy of the original note.

3. Defendant Nicole Conway is a citizen of New York because she is domiciled in New York at 311 Smith Road, Shirley, NY 11967, and the owner of the Property.

4. Defendant Clerk of the Suffolk County Traffic & Parking Violations Agency is a citizen of New York because it is a county agency existing under the laws of New York with its principal place of business in New York, and the holder of a lien encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage. The Defendant's lien is attached as Schedule C.

5. The Defendants hold an interest or lien encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage.

## STATEMENT OF JURISDICTION

6. Federal subject matter jurisdiction exists pursuant to 28 USC §1332(a)(1) because complete diversity exists among the Plaintiff and the Defendants and the amount in controversy, without interest and costs, exceeds the $75,000.00.

## VENUE

7. Venue is proper pursuant to 28 USC §1391 because the Property is located in this District and a substantial part of the events and omissions giving rise to this action occurred in this District.

## FACTUAL BACKGROUND

8. On or about March 31, 2015, Nicole Conway executed and delivered a Promissory Note whereby Nicole Conway promised to pay the sum of $194,893.00 plus interest on the unpaid amount due.

9. As security for the payment of the Promissory Note, Nicole Conway duly executed and delivered a Mortgage, in the amount of $194,893.00 which was recorded as follows:
Recording Date: April 13, 2015
Book 22583/Page 31
Office of the Suffolk County Clerk

10. The Mortgage was assigned to HomeBridge Financial Services, Inc. The Mortgage was assigned to Freedom Mortgage Corporation.

11. Nicole Conway failed to make payment in accordance with the terms of the Promissory Note and Mortgage by not making the payment that was due on November 1, 2020 and subsequent payments.

12. There is now due and owing on the Promissory Note and Mortgage the following amounts:
Principal Balance: $174,953.10
Interest Rate: 4.375%
Date Interest Accrues from: October 1, 2020
together with late charges, monies advanced for taxes, assessments, insurance, maintenance, and preservation of the Property, and the costs, allowances, expenses of sale, and reasonable attorney's fees for the foreclosure.

13. In order to protect the value of the Property and its rights in the Property, the Plaintiff may have to pay taxes, assessments, water charges, insurance premiums, and other charges. Plaintiff requests that any amount it pays, together with interest, be included in the total amount due.

14. Plaintiff has complied with the notice provision of the Mortgage and RPAPL Section 1304 and filed the information required by RPAPL Section 1306. The Mortgage was

originated in compliance with all provisions of Section 595-a of the New York Banking Law and any rules or regulations promulgated thereunder, and, if applicable, Sections 6-l or 6-m of the Banking Law.

    15.    No action was brought to recover any part of the Mortgage debt.

**WHEREFORE, PLAINTIFF DEMANDS**:
a. Judgment accelerating the maturity of the debt and determining the amount due Plaintiff for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the Property and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest;
b. A referee be appointed to sell the Property at auction to the highest bidder, in accordance with to RPAPL Article 13;
c. The interest of the defendants and all persons claiming by or through them be foreclosed and their title, right, claim, lien, interest or equity of redemption to the Property be forever extinguished;
d. The Plaintiff be paid out of the sale proceeds the amounts due for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the Property, and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest, and that the sale proceeds be distributed in accordance with to RPAPL Article 13;
e. The property be sold in as is condition, subject to the facts an inspection or accurate survey of the Property would disclose, covenants, restrictions, easements and public utility agreements of record, building and zoning ordinances and violations, and the equity of redemption of the United States of America;
f. Plaintiff may purchase the Property at the sale;
g. A receiver be appointed for the Property, if requested by Plaintiff;
h. A deficiency judgment against Nicole Conway, to the extent allowable by law, for the amount that remains due after distribution of the sale proceeds, unless the debt was discharged in a bankruptcy or is otherwise uncollectable, be granted if requested by Plaintiff;
i. If the Plaintiff possesses other liens against the Property, they not merge with the Mortgage being foreclosed and that Plaintiff, as a subordinate lien holder, be allowed to share in any surplus proceeds resulting from the sale;
j. That the Court award Plaintiff additional relief that is just, equitable and proper.

Dated: \_\_\_\_August 30, 2022\_\_\_\_
        Williamsville, New York

By:
_____/s/ Tracy M. Fourtner_____
Tracy M Fourtner, Esq.
Attorneys for Plaintiff
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
Tel.: (716) 204-1700

## **Schedule A**

Attached here as Schedule A is a copy of the original note. If applicable, certain non-public personal information has been redacted from the attached document.

# NOTE





| March 31, 2015 | Islandia, | New York |
|---|---|---|
| [Date] | [City] | [State] |

**311 Smith Road, Shirley, NY 11967**
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. **$194,893.00** (this amount is called "Principal"), plus interest to the order of the Lender. The Lender is **HomeBridge Financial Services, Inc.**. I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of **4.375%**.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the **1st** day of each month beginning on **May 1, 2015**. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest and other items in the order described in the Security Instrument before Principal. If, on **April 1, 2045**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **194 Wood Avenue South, 9th Floor, Iselin, NJ 08830** or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. **$973.07**.

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to any accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **15** calendar days after the date it is

due, I will pay a late charge to the Note Holder. The amount of the charge will be **4.000%** of my overdue payment, unless such amount exceeds the maximum amount allowed by applicable state law, in which case the Lender may collect the maximum amount allowed by such law. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 13 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

*Nicole Conway* (signature)
- BORROWER - Nicole Conway

[Sign Original Only]

Mortgage Loan Originator **Nicholas C Schiano**
Nationwide Mortgage Licensing System and Registry Identification Number **65998**
Mortgage Loan Origination Company **All Island Mortgage & Funding Corp.**
Nationwide Mortgage Licensing System and Registry Identification Number **3740**

Without Recourse, Pay To The Order Of:

_____

HomeBridge Financial Services, Inc.

*Stephanie Crane* (signature)
Stephanie Crane, Assistant Secretary

**Schedule B – Legal Description**

All that certain plot, piece or parcel of land, situate, lying and being in the Town of Brookhaven, County of Suffolk and State of New York, being the northerly part of Plot No. 18 in Block 106 Southshore, located at Suffolk County, Long Island, surveyed and mapped for Tanglers Manors Corporation by Frank Middleton, C.E., and filed in the Office of the Clerk of Suffolk on March 11, 1911 as Map No. 600 bounded and described as follows:

Beginning at a point on the easterly side of Smith Road, where the division line between Lots 18 and 19 as shown on the aforesaid map intersects same;

Running thence along said division line between Lots 18 and 19 north 82 degrees 24 minutes 50 seconds east, 540.00 feet to the westerly line of Lot 5 as shown on aforesaid map;

Running thence along the westerly line of Lots 5 and 6 as shown on aforesaid map, south 12 degrees 58 minutes 06 seconds west, 215.94 feet to the southerly line of the aforesaid map;

Running thence along said southerly map line, north 87 degrees 56 minutes 42 seconds west, 470.83 feet to the easterly side of Smith Road;

Running thence along the easterly side of Smith Road, north 7 degrees 35 minutes 10 seconds west, 123.34 feet to the point or place of beginning.

Being the same premises conveyed to Nicole Conway, by virtue of a deed from U.S. Bank National Association, not in its individual capacity, but solely as Trustee on behalf of The OWS REO Trust 2012-1, dated 02/25/2015, and recorded 04/13/2015, in Deed Book 12813 Page 464, in the Suffolk County Clerk's Office, State of New York.

## Schedule C – Defendant

Clerk of the Suffolk County Traffic & Parking Violations Agency    Holder of a lien, see attached

General Info for   Document Date: 4/17/2017   Seq # : 819   Doc Type : 1ST DISTRICT RED LT

| INDEX # | D T PERFECTED | D T FILED | D T RECORDED | COURT | COUNTY | SHERIFF FEES | AMOUNT ($) | COST ($) | TOTAL ($) | REMARKS |
|---|---|---|---|---|---|---|---|---|---|---|
| S17-000000 515 | 4/17/2017 | 4/17/2017 | | SCTPVA | SUFFOLK COUNTY | N | 105.00 | 0.00 | 105 | |

### Debtor Info

| Last Name | First Name | Type | Street # | Street name | Street | Addr2 | Addr3 | City | State | Zip |
|---|---|---|---|---|---|---|---|---|---|---|
| CONWAY NICOLE | | | | 92 OAKLAND AVE | | | | MILLER PLACE | NY | 11764 |

### Creditor Info

| Last Name | First Name | Type | Street # | Street name | Street | Addr2 | Addr3 | City | State | Zip |
|---|---|---|---|---|---|---|---|---|---|---|
| CLERK OF THE SUFFOLK COUNTY TRAFFIC & PARKING VIOLATIONS AGENCY | | | 100 | VETERANS MEMORIAL | HWY | | | HAUPPAUGE | NY | 11788 |

### Attorney Info

| Name | Street # | Street name | Street type | Addr2 | Addr3 | City | State | Zip |
|---|---|---|---|---|---|---|---|---|
| SUFFOLK COUNTY ATTORNEY | 100 | VETERANS MEMORIAL | HWY | | | HAUPPAUGE | NY | 11788 |